UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ZAVODA,

       Plaintiff,                     Civil Action No. 09-CV-11190

vs.                                  HON. BERNARD A. FRIEDMAN

PATRICIA CARUSO,

       Defendant.
_____/


**ORDER OF DISMISSAL**


       Plaintiff, a pro se prison inmate serving a life sentence for sexually penetrating and murdering his three-year-old daughter, has brought this § 1983 action against the director of the Michigan Department of Corrections ("MDOC"). The "statement of facts" section of the complaint alleges:

> Rejection of mail REDEMPTION MANUAL FOURTH EDITION. I need the book to become secured party/creditor and how to charge back to the secretary of treasury my birth certificate how to do my own security agreement, power of attorney copyright notice, hold-harmless agreement UCC-1 and UCC-3 I need REDEMPTION so I can fil[e] memorandum in support of application for habeas corpus on supervi[s]ed release.

       On October 19, 2009, defendant filed a motion [docket entry 11] seeking dismissal of the complaint because it is frivolous/malicious and, additionally, because plaintiff failed to exhaust his administrative remedies before filing suit. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. 1997e(a). On October 30, 2009, the magistrate judge issued an order requiring plaintiff to respond to defendant's motion by November 23, 2009. The magistrate judge's order warned plaintiff that if he failed to respond the court may impose "sanctions, including granting all or part of the relief

requested by the moving party."

In response, plaintiff submitted a 14-page letter [docket entry 13], a 13-page "MEMORANDUM OF LAW ON SOVEREIGNTY OF THE PEOPLE" [docket entry 14], and a four-page "AFFIDAVIT IN SUPPORT OF COMMERCIAL DISCHARGE" [docket entry 15], on November 2, November 23, and November 25, 2010, respectively. These documents do not address the arguments raised in defendant's motion to dismiss. Nor, in fact, does the random, incomprehensible, pseudo-legal gibberish contained therein appear to have anything whatsoever to do with this case.

By failing to make a logical and substantive response to defendant's motion, plaintiff in effect has conceded the validity of defendant's arguments. Specifically, by not responding plaintiff concedes that his complaint is frivolous because, as defendant argues, the MDOC legitimately restricts delivery of the book at issue on the grounds that it promotes the violation of state law. Further, by not responding plaintiff concedes that his complaint is barred because he did not exhaust his remedies under the prison grievance system prior to filing suit. Additionally, the court notes that plaintiff violated the magistrate judge's order by filing three irrelevant and incomprehensible documents rather than an intelligible response to defendant's motion. Therefore, in addition to the reasons suggested by defendant, dismissal is appropriate under Fed. R. Civ. P. 41(b) to remedy plaintiff's disobedience to the magistrate judge's order. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted. The dismissal is based in part on the court's conclusion that plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(b).[1]

DATED: June 23, 2010                                    s/Bernard A. Friedman
                                                        BERNARD A. FRIEDMAN
                                                        UNITED STATES DISTRICT JUDGE

---

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 23, 2010.

                                                        s/Deborah J. Goltz for Carol Mullins
                                                        Case Manager

---

[1] The court notes that at least one other lawsuit filed by plaintiff in this court has been dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Zavoda v. Busch*, No. 10-CV-11254 (E.D. Mich.) (Murphy, J.). Therefore, plaintiff now has "two strikes" against him under 28 U.S.C. § 1915(g).